UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA A. ECCELSTON,

    Plaintiff,
vs.                                    Case No. 6:23-cv-1717-WWB-RMN

INDICAR OF DAYTONA, INC.
d/b/a Daytona Kia

    Defendant.
_____/

**DEFENDANT'S MOTION TO STAY
AND/OR DISMISS AND COMPEL MEDIATION AND ARBITRATION[1]
AND MOTION FOR PROTECTIVE ORDER OR TO STAY DISCOVERY**

    Defendant, Indicar of Daytona, Inc. d/b/a Daytona Kia ("Defendant"), hereby files this Motion to Stay and/or Dismiss the Complaint and Compel Mediation and Arbitration and Motion for Protective Order or to Stay Discovery based upon the failure of Plaintiff, Patricia A. Eccelston ("Plaintiff") to submit this controversy to mandatory pre-suit mediation and binding arbitration after request and demand by Defendant as required by the applicable contractual provisions between the parties and for an award of attorneys' fees for being required to file this motion, and states as follows:

**I. Introduction**

    This matter must be stayed or dismissed because the Plaintiff has brought claims which are specifically covered by mandatory mediation and binding arbitration provisions

---

[1] Defendant reserves the right to file an alternative Motion to Dismiss the Complaint on the grounds that the Complaint failed to state a cause of action under Federal Rules of Civil Procedure 12(b-g).

within the terms of the contractual agreements between the parties. Discovery in this matter must also be stayed because the Plaintiff has brought claims which are specifically covered by mandatory mediation and binding arbitration provisions within the terms of the contractual agreements between the parties.

## II. Background Facts/Allegations[2]

### *i. Claims Asserted*

Defendant is a licensed car dealer in the state of Florida and on about January 20, 2020, the Plaintiff leased a new vehicle from Defendant through a Closed End Motor Vehicle Lease Agreement (the "Lease Agreement"). Comp. ¶ 5-6. Under the Lease Agreement, the Defendant had the option of purchasing the vehicle at the conclusion of the lease term for a residual value. Comp. ¶ 7-9.

Plaintiff attached a copy of the Lease Agreement to the Complaint as Exhibit A.

However, at the same time as the Lease Agreement, on January 20, 2020, Plaintiff and Defendant also executed a Retail Lease Order governing the terms and relationship between the parties (the "Lease Order"). However, the Plaintiff does not attach to the Complaint a copy of the Lease Order. A true and correct copy of the Lease Order is attached hereto as **Exhibit 1**.

The Lease Order contained material provisions as follows:

> **You have read each page to this Order and Agreement, including the arbitration provision on the reverse side. You have received a completely filled in copy of this Order**.

---

[2] Defendant disputes the allegations of the Complaint and for the purposes of this Motion to Compel Arbitration, does <u>not</u> have to assume such allegations to be true. Defendant reserve the right to file an Affidavit in support of this Motion.

**TERMS AND CONDITIONS**

...
E. <u>Mandatory Mediation</u>: Before any party institutes an action, other than one that is expressly outside the scope of the arbitration provision, the parties must first mediate the dispute before a court certified mediator, which mediation shall be conducted in the county where the dealer is situated.

F. <u>Miscellaneous</u>: this Order shall survive the execution of the Lease Agreement. To the extent any terms herein conflict with the terms of the Lease Agreement ... this Order shall control and govern.

This Order, cancels, and supersedes any prior contract, and comprises the complete and exclusive statement of the terms of the Order relating to the specific matters covered hereby, and constitutes the entire order between the parties. There are no representations or contracts between the parties, except as set forth herein or contemporaneously executed. This Order may not be changed, modified or extended, except by an instrument in writing and signed by the parties. In the event, this order or any other contract or document executed by Customer contains a clerical or computation error or if additional documentation is necessary in order to effectuate the parties' intent, Customer agrees to cooperate with the execution of such (corrected) documentation....

**ARBITRATION PROVISION**
**PLEASE REVIEW – IMPORTANT – EFFECTS YOUR LEGAL RIGHTS**

**1. Either you or we may choose to have any dispute between us, decided by arbitration and not in a court or by jury trial**.

Any claim or dispute, whether in contract, tort, statute, or otherwise (including the interpretation and scope of this arbitration, provision, and the arbitrability of the claim or dispute), between you and us .... which arises out of or relates to your ... purchase ... of this vehicle, this order and agreement, or any resulting transaction or relationship ... shall, at ... our election, the resolved by neutral, binding arbitration, and not buy a Court action. ....

Any arbitration under this arbitration provision shall be governed by the federal arbitration act (9 U.S.C. § 1, *et seq.*) and not by any state law concerning arbitration.

Lease Order, generally (all emphasis original).

In April 2023, Plaintiff claims that she exercised the option under the Lease Agreement to purchase the vehicle, but was charged for certain fees allegedly not disclosed in the Lease Agreement. Comp. ¶ 11-14.

As such, Plaintiff's Complaint asserts causes of action for Violation of the Consumer Leasing Act under 15 U.S.C. § 1667a seeking actual and statutory damages, attorneys' fees, and injunctive relief.

Although Plaintiff's claim is specifically based on what she was allegedly charged in April 2023 the purchase option was exercised, Plaintiff, fails to attach to the Complaint a copy of the actual Vehicle Buyer's Order that was entered into in April 2023 (the "Buyer's Order"). A true and correct copy of the Buyer's Order is attached hereto as **Exhibit 1**.

The Buyer's Order contained material provisions as follows:

> **This Agreement includes the terms and provisions on the front and back side. It includes the Arbitration Provision on the reverse side. By signing, you represent that you read and agree to all terms of this Agreement, including the Arbitration Provision. You also represent that you received a completed copy of this Agreement.**
>
> **TERMS AND CONDITIONS**
>
> ...
> E. <u>Mandatory Mediation</u>: Before any party institutes an action, other than one that is expressly outside the scope of the arbitration provision, the parties must first mediate the dispute before a court certified mediator, which mediation shall be conducted in the county where the dealer is situated.
>
> F. <u>Miscellaneous</u>: this Order shall survive the execution of the Lease Agreement. To the extent any terms herein conflict with the terms of the Lease Agreement ... this Order shall control and govern.
>
> This Order, cancels, and supersedes any prior contract, and comprises the complete and exclusive statement of the terms of the Order relating to the specific matters covered hereby, and constitutes the entire order between the parties. There are no representations or contracts between the parties, except as set forth herein or contemporaneously executed. This Order may not be changed, modified or extended, except by an instrument in writing and signed

> by the parties. In the event, this order or any other contract or document executed by Customer contains a clerical or computation error or if additional documentation is necessary in order to effectuate the parties' intent, Customer agrees to cooperate with the execution of such (corrected) documentation....
>
> **ARBITRATION PROVISION**
> **PLEASE REVIEW – IMPORTANT – EFFECTS YOUR LEGAL RIGHTS**
>
> **1. Either you or we may choose to have any dispute between us, decided by arbitration and not in a court or by jury trial**.
>
> Any claim or dispute, whether in contract, tort, statute, or otherwise (including the interpretation and scope of this arbitration, provision, and the arbitrability of the claim or dispute), between you and us .... which arises out of or relates to your ... purchase ... of this vehicle, this order and agreement, or any resulting transaction or relationship ... shall, at ... our election, the resolved by neutral, binding arbitration, and not buy a Court action. ....
>
> Any arbitration under this arbitration provision shall be governed by the federal arbitration act (9 U.S.C. § 1, *et seq.*) and not by any state law concerning arbitration.

Buyer's Order, generally (all emphasis original).

Thus, both the Lease Order (which controls over the Lease Agreement) and the Buyer's Order entered into in April 2023 which forms the basis of the Plaintiff's claim contain a *mandatory* pre-suit mediation provision and a requirement that any dispute be submitted to arbitration upon request by either party.

On October 2, 2023, Defendant informed Plaintiff via email to Plaintiff's counsel that Defendant intended to seek mediation and arbitration in this matter. Plaintiff did not respond. On October 13, 2023, Defendant again informed Plaintiff via email to Plaintiff's counsel that Defendant would be moving to compel mediation and arbitration in this matter and provided copies of the Lease Order and Buyer's Order. Plaintiff has failed and refused to proceed to mediation or arbitration and has not consented to this the relief requested herein.

### III. <u>Legal Argument</u>

    A. <u>Arbitration is Mandatory</u>

The Plaintiff's claims all arise out of or are related to claims covered by the Buyer's Order. As such, under the terms of the Buyer's Order that the Plaintiff's claim arises out of (and Lease Order which controls over the Lease Agreement), Plaintiff is required to first seek non-binding mediation and then if mediation is unsuccessful, proceed to binding arbitration.

Pursuant to the Federal Arbitration Act governing this matter, arbitration in mandatory as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay the trial of the action until such arbitration has been had** in accordance with the terms of the agreement...

9 U.S.C.A. § 3 (emphasis added).

"(W)ith respect to a matter within the jurisdiction of the federal courts save for the existence of an arbitration clause, the federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply (with the arbitration agreement) is not in issue.'" <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395, 403 (1967).

The Federal Arbitration Act ("FAA") "establishes a liberal federal policy favoring arbitration agreements." <u>CompuCredit Corp. v. Greenwood</u>, 565 U.S. 95 (2012) (internal quotation marks omitted); <u>DeHart v. Moore</u>, 424 F. Supp. 55, 56 (S.D. Fla. 1976) ("courts are bound to give liberal interpretation to arbitration clauses within binding agreements");

*see* 9 U.S.C. § 2. Under this policy, courts must "rigorously enforce agreements to arbitrate." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004) (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985)).

"A stay of proceedings is proper, as plaintiff is not entitled to proceed without first complying with the arbitration provision of the subcontract." U.S. for Use of DeLay & Daniels, Inc. v. Am. Emp. Ins. Co. of Mass., 290 F. Supp. 139, 140 (D.S.C. 1968)

### B. All Doubts Must be Resolved in Favor of Arbitration

It is a well settled and strong policy under the Federal Arbitration Act that federal courts favor arbitration over litigation to resolve private disputes. VVG Real Estate Investments v. Underwriters at Lloyd's, London, 317 F. Supp. 3d 1199, 1204 (S.D. Fla. 2018). Courts must broadly construe contractual arbitration clauses. Arbitration agreements are a favored means of dispute resolution and ***all doubts*** concerning the scope of an arbitration clause must be resolved in favor of arbitration. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

The burden is upon the party opposing the arbitration to present facts, evidence, and affidavits to show why arbitration should not be compelled. VVG Real Estate; Sims v. Clarendon Nat'l Ins. Co., 336 F.Supp.2d 1311, 1324 (S.D. Fla. 2004).

### C. Statutory Claims Are Arbitrable

The law is clear that statutory rights and claims can be arbitrated. "(F)ederal statutory claims can be appropriately resolved through arbitration, and we have enforced

agreements to arbitrate that involve such claims." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 89 (2000). The Supreme Court has rejected arguments that arbitration restricts a plaintiff's statutory rights (Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477 (1989)) including claims arising under a statute designed to further important social policies (Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)).

### D. Discovery Must be Barred or Stayed

A party that improperly files a lawsuit without complying with binding arbitration is not entitled to benefit from such filing by obtaining discovery under the applicable Rules of Procedures rather than the rules of the applicable arbitration forum. A court may stay discovery pursuant to Rule 26(c) if there is good cause, such as "the elimination of unnecessary expenditures of time, money, and other resources." Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997); Morat v. Cingular Wireless LLC, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008).

Recognizing the "unmistakenly clear congressional purpose that the arbitration procedure" should "be speedy and not subject to delay and obstruction in the courts," the Supreme Court has held that when considering a motion to stay pursuant to the FAA, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967). In addition, if a dispute is arbitrable, "responsibility for discovery lies with the arbitrators." CIGNA HealthCare of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 855 (7th Cir. 2002) (internal citations omitted); see also 9 U.S.C. § 7. Based upon these principles, courts routinely stay discovery into the underlying merits of a case when a motion to

compel arbitration has been filed. *See, e.g.*, Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors, 357 F.Supp.2d 1277, 1280 (D. Colo. 2004) (staying discovery pending the resolution of the motion to dismiss); In re Managed Care Litig., 2001 WL 6634391, at * 3 (S.D. Fla. June 12, 2001) (staying discovery for a limited period of time to rule on the motions to dismiss and compel arbitration).

### E. Defendant is Entitled to Fees and Costs

Defendant requests an award of attorneys' fees and costs against the Plaintiff as a result of the wrongful filing of this lawsuit and the need for filing this Motion. The Consumer Leasing Act specifically provides for prevailing party attorneys' fees and costs to be awarded. Plaintiff has wrongfully filed this lawsuit and caused this litigation. Accordingly, Plaintiff should be required to pay the Defendant's attorneys' fees and costs for the wrongful filing of this lawsuit and this Court should reserve jurisdiction to determine or confirm the amount of such fees and costs.

## IV. Conclusion

For the foregoing reasons and resolving all doubts in favor of arbitration, this Court must compel Plaintiff to first seek mediation of all claims followed by mandatory arbitration of any claims in accordance with the procedures set forth in the Buyer's Order and should reserve jurisdiction to award Defendant its attorneys' fees and costs in connection with this matter and reserve jurisdiction to determine or confirm the amount of fees and costs.

**WHEREFORE**, Defendant requests that this Court enter an order staying this case and compelling arbitration, enter a protective order barring all discovery and compelling arbitration, and reserving jurisdiction to award attorneys' fees and costs related to this Motion and/or the Arbitration, and such other relief as is just and equitable.

Dated October 13, 2023 by:

        Fassett, Anthony, & Taylor, P.A.
        1325 W. Colonial Dr.
        Orlando, FL 32804
        Tel: 407-872-0200

        */s/ Phil A. D'Aniello*
        Phil A. D'Aniello, Esq.
        Fla. Bar No. 0115525
        Email: pdaniello@fassettlaw.com
        Secondary: tsadaka@fassettlaw.com

### **Certificate of Good Faith Conference**

On October 2, 2023, Defendant informed Plaintiff via email to Plaintiff's counsel that Defendant intended to seek mediation and arbitration in this matter. Plaintiff did not respond. On October 13, 2023, Defendant again informed Plaintiff via email to Plaintiff's counsel that Defendant would be moving to compel mediation and arbitration in this matter and provided copies of the Lease Order and Buyer's Order. Plaintiff has failed and refused to proceed to mediation or arbitration and has not consented to this the relief requested herein.

### **Certificate of Service**

I HEREBY CERTIFY that the foregoing was submitted for filing by using the Florida Courts E-Filing Portal which will send a Notice of Electronic Filing to the Electronic Service Recipients of record indicated below, in accordance with Florida Rules of Judicial Administration 2.516, and via Email service on **October 13, 2023.**

        */s/ Phil A. D'Aniello*
        Phil A. D'Aniello, Esq.

Service List:
Joshua Feygin, Esq.
Sarah Cibula Feller, Esq.
Derren R. Newhart, Esq.
josh@sueyourdealer.com
Sarah@newhartlegal.com
Darren@newhartlegal.com