# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No.: 6:23-cv-1717-WWB-RMN

PATRICIA A. ECCLESTON,
An Individual,

    Plaintiff,

v.


INDICAR OF DAYTONA, INC.,
d/b/a DAYTONA KIA,
A Florida Corporation,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY AND/OR DISMISS AND COMPEL MEDIATION AND ARBITRATION AND MOTION FOR PROTECTIVE ORDER OR TO STAY DISCOVERY**

Plaintiff, PATRICIA A. ECCLESTON, an individual (hereinafter "Ms. Eccleston" or "Plaintiff"), by and through her undersigned attorneys, pursuant to the Local Rules of the United States District Court, Middle District of Florida, and the FRCP, files this his memorandum of law in opposition to the "Motion to Stay and/or Dismiss and Compel Mediation and Arbitration and Motion for Protective Order or to Stay Discovery" filed herein by Defendant, INDICAR OF DAYTONA, INC. d/b/a DAYTONA KIA, a Florida corporation (hereinafter "Daytona Kia" or "Defendant") [DE 9] and states as follows in support:

## SYNOPSIS OF PROCEEDINGS

This matter involves claims by Ms. Eccleston asserted against Daytona Kia concerning its failure to comply with the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M") during Ms. Eccleston's consumer motor vehicle lease transaction with Defendant.

As set forth in the well plead allegations of the operative complaint before the Court, Daytona Kia failed to disclose certain fees it charged Ms. Eccleston at the inception of the lease to exercise the lease buyout provision within the subject lease agreement, in contravention of 15 U.S.C. § 1667 and 12 CFR § 1013.4(i). Ms. Eccleston has also asserted that Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete. Accordingly, Ms.

Eccleston seeks the recovery of actual damages, statutory damages an incidental relief as well as attorney's fees and costs under the provisions of 15 U.S.C. § 1640.

In response to the Complaint, Daytona Kia has filed with the Court Defendant's "Motion to Stay and/or Dismiss and Compel Mediation and Arbitration and Motion for Protective Order or to Stay Discovery" ("Motion") [D.E. 9].

More particularly, at 1:59 am on October 13, 2023, Defendant for the first time attempted to meaningfully confer[1] via email regarding Plaintiff's position to the Motion. In turn, Plaintiff requested a copy of the Motion to evaluate the substantive basis upon which the Defendant was proceeding. Instead, Defendant emailed Plaintiff a copy of the contracts upon which it ultimately relied upon in its Motion at 9:04 am on October 13, 2023- the very day the Defendant's response was due to be filed. Before Plaintiff ever had a chance to review the Defendant's email or the attachments thereto, Defendant filed the Motion wherein Defendant seeks relief in the form of, *inter-alia*, an order compelling this matter to arbitration and finding an entitlement to attorney's fees and costs.

Upon careful review of the Motion as applied to the facts of this action, Plaintiff concedes that arbitration can be compelled by Defendant in light of the binding arbitration between the parties found within the purchase order for the lease.

---

[1] Defendant's only prior reference to a desire to arbitrate the dispute occurred in the context of settlement discussions and a corresponding request for an extension of time to respond to the complaint. The same was undertaken without providing the Plaintiff any substantive information upon which the Defendant's position was based.

However, Ms. Eccleston opposes the Defendant's improper request for a finding of entitlement to attorney's fees as well as Defendant's request that the instant case be dismissed as opposed to being stayed, as further set forth below.

## MEMORANDUM OF LAW

### i. Defendant is not entitled to fees or costs.

In the same breath that the Defendant asks the court to divest itself of jurisdiction of the dispute and compel this matter to arbitration, Defendant also asks the court to find entitlement to attorney's fees and costs for bringing the Motion. Defendant's argument is wholly unsubstantiated by any caselaw or rule support and must be denied.

### a. Defendant's tardiness is the sole cause of the Motion.

The Defendant's failure to timely meet and confer is the sole cause for the filing of the Motion. Defendant's failure to seasonably confer with the Plaintiff should not be rewarded by this Court.

It should not be lost upon this Court that the Defendant failed to provide the Plaintiff with a reasonable opportunity to evaluate the Defendant's position. The Local Rules of the Middle District of Florida provide as follows:

**Rule 3.01 Motions and Other Legal Memorandum**

[…]

(g) DUTY TO CONFER IN GOOD FAITH.

> (1) *Duty*. Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) *Certification*. At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant: (A) must certify that the movant has conferred with the opposing party, (B) must state whether the parties agree on the resolution of all or part of the motion, and (C) if the motion is opposed, must explain the means by which the conference occurred.
>
> (3) *Unavailability*. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for **three days** to contact the opposing party. Promptly after either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in a sanction.

(emphasis supplied).

As reflected in the declaration of Attorney Feygin submitted contemporaneously with this response, Defendant all but failed to meaningfully confer with the Plaintiff let alone comply with the Local Rules of the Middle District of Florida. Had the Defendant done so, the Plaintiff would have consented to arbitration on the condition that this action be stayed pending the rendition of a final award by the arbitrator with a reservation by the Court to confirm any such award. Instead, Defendant sat idle and thrust the parties into unnecessary motion practice.

As a result, it is in the interest of justice that the Court deny the Defendant's request for entitlement to attorney's fees for the filing of the Motion.

### b. The Consumer Leasing Act does not provide a fee-shifting mechanism.

Defendant improperly asserts in its Motion that "[t]he Consumer Leasing Act specifically provides for prevailing party attorneys' fees and costs to be awarded." Motion, Sec. E. This is the sole basis asserted by the Defendant for entitlement to attorney's fees. Defendant's position is an outright fabrication and must be rejected by this Court.

Congress provided for reasonable attorney's fees to encourage consumers to act as private attorneys general where the available actual and statutory damages would not otherwise justify remedial litigation. *McGowan v. King, Inc.*, 569 F.2d 845, 848 (5th Cir. 1978) ("scheme of [TILA] is to create a system of private attorneys general to aid its enforcement"); *Hannon v. Sec. Nat'l Bank*, 537 F.2d 327 (9th Cir. 1976) ("The purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act"). The private attorney general regime serves an important remedial purpose- private enforcement obviates the need for a large federal enforcement bureaucracy.

TILA mandates that in the case of "any successful action" to enforce TILA monetary liability or rescission the creditor is also liable for the "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3).

It is well settled law that TILA does not provide for attorney fees for prevailing creditors, even if the consumer's action is frivolous or in bad faith. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 703 n.10 (9th Cir. 1986); *Payne v. Equicredit Corp.*, 2002 WL 1018969 (E.D. Pa. May 20, 2002), *aff'd*, 71 Fed. Appx. 131 (3d Cir. 2003). *See also Kitts v. Winterford, L.L.C.*, 2010 WL 129804, at *8 (Bankr. D. Utah Jan. 8, 2010) (clause in note allowing fees to creditor for "costs and expenses of collection" does not cover creditor's fees for successful defense of bankruptcy trustee's TILA claim), *appeal dismissed as moot in relevant part, aff'd in part, rev'd in part on other grounds*, 442 B.R. 818 (D. Utah. 2010).

Notwithstanding the above, Defendant nevertheless argues that the Plaintiff should be subjected to Defendant's attorney's fees and costs for bringing the Motion pursuant to a non-existent fee shifting mechanism. Defendant's argument plainly runs contrary to the broad remedial enforcement regime established by Congress and is without any case law or rule support.

Given that Defendant's position is contrary to public policy, is patently unconscionable, and is unsupported by any caselaw or rules support, it should be rejected by this Court.

**ii.    The FAA mandates the action be stayed, not dismissed.**

As more particularly set forth in the Motion, Daytona Kia seeks to dismiss the claims of Ms. Eccleston. (Motion, p. 1). It is Ms. Eccleston's position that a dismissal

would run contrary to the requirements of the Federal Arbitration Act ("FAA") and is strategically calculated to curtail Ms. Eccleston's ability to obtain relief in these proceeding. As detailed in the Declaration of Attorney Joshua Feygin filed contemporaneously herewith, Plaintiff's counsel has previously represented consumer plaintiffs before the American Arbitration Association ("AAA"). Based on the experience of the undersigned, a number of arbitration proceedings filed against businesses have been dismissed by the AAA for reasons connected with refusal of the business to comply with the requirements of the AAA, namely payment of filing fees and arbitrator compensation.

In light of the potential of the AAA to refuse to arbitrate the claims advanced herein, Ms. Eccleston respectfully requests that the Court stay the instant action pending arbitration as opposed to an outright dismissal in order to afford the opportunity for the Plaintiff to return to this Court to seek *inter alia* an enforcement order.

To that end, the FAA provides, in pertinent part, that a court compelling arbitration **"shall,** on application of one or more of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §3 (emphasis added). Absent from the FAA is any statutory reference to dismissal. *Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 699 (11th Cir. 1992); see, *also, Albert v. Nat'l Cash Register Co.,* 874 F.Supp. 1328 (S.D.

Fla. 1994) [staying arbitration claims]; *Craig v. Total Quality Logistics, LLC,* 2017 WL 1533840 (N.D. Fla. January 30, 2017); *Tracfone Wireless, Inc. v. Blue Ocean's Distributing, LLC,* 616 F. Supp. 2nd 1284 (S.D. Fla. 2009).

In the *Tracfone Wireless,* U.S. District Court Judge Ungaro of the Southern District of Florida flatly rejected the argument that is now advanced by Defendants that the granting of a motion to compel arbitration should result in a dismissal:

> The Court begins by noting that, notwithstanding the parties agreement to arbitrate, it has subject matter jurisdiction over this matter. While valid arbitration clauses are to be enforced under the Federal Arbitration Act, 9 U.S.C. § 3, they do not oust district courts of their jurisdiction. *See, The Anaconda* v. *Am. Sugar Refining Co.,* 322 U.S. 42, 44, 64 S.Ct. 863, 88 L.Ed. 1117 (1944); *Frank v. Am. Gen. Fin., Inc.,* 23 F.Supp.2d 1346, 1350 (S.D.Ala.1998). The Federal Arbitration Act states:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court in which such suit is pending,* upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3

(emphasis supplied). *Id.* at 1285

Judge Ungaro further reasoned:

> Notwithstanding the express language of the Federal Arbitration Act and Plaintiffs request for a stay, Defendants argue that this case should

> be dismissed because all of issues in the complaint are subject to the arbitration agreement. Defendants, however, fail to cite any binding authority demonstrating that it is appropriate under the Federal Arbitration Act for a court to dismiss a case in favor of arbitration where a party requests a stay.

*Id.* (internal footnote omitted)

*See, also, Swartz v. Westminster Services, Inc.,* 2010 WL 3522141, * 1 (M.D. Fla Sept. 8, 2010) ("the Court does not agree that the failure to submit this dispute to mediation warrants dismissal of Plaintiff's complaint. The law is clear that when confronted with an objection that a plaintiff has initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed- upon dispute resolution mechanism"); *cf, Cusolito v. Citibank,* 2017 WL 8890662 *(S.D. Fla. Oct. 6, 2017).*

As detailed in the Feygin Declaration, there is a substantial likelihood that the AAA will refuse to adjudicate the claims of the Defendant (Feygin Declaration – p. 6-7). While the Plaintiff hopes that Daytona Kia will participate in good faith in any arbitration proceeding, in the event Defendant fails to pay the mandated arbitration fees or otherwise comply with the rules of the AAA, Ms. Eccleston will have no recourse if this Court does not retain jurisdiction through the entry of an order to stay. Justice and the plain language of the FAA so require that the Court retain jurisdiction over this action pending the conclusion of the arbitration proceedings.

## CONCLUSION

Plaintiff respectfully moves this Court to stay the instant action (as opposed to dismissing it) pending completion of arbitration, with a reservation to enforce any arbitration award. Furthermore, Plaintiff respectfully requests that Defendant's improper request for entitlement to attorney's fees and costs be denied.

Dated: October 27, 2023

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:
Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2023, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
