# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PATRICIA ECCLESTON,

    Plaintiff,

v.

INDICAR OF DAYTONA, INC.,

    Defendant.

Case No. 6:23-cv-1717-WWB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Defendant's Motion to Stay and/or Dismiss and Compel Mediation and Arbitration (Dkt. 9), filed October 13, 2023. Plaintiff opposes the motion in part. *See* Dkt. 14. Upon consideration, I respectfully recommend the Court grant the mMotion in part and deny it in part, stay this case pending the arbitration of Plaintiff's claims, and administratively close the file.

### I. BACKGROUND

Plaintiff leased a new Kia Soul from Defendant in 2020. Dkt. 1 at ¶ 5. The lease, attached to the Complaint, provided, among other things, Plaintiff the opportunity to buy the vehicle once the lease expired at a "total purchase price" of $11,132. *Id.* ¶¶ 6–9. At the end of the lease, Plaintiff decided to exercise the option and purchase the vehicle. *Id.* ¶ 11. Defendant sold the

vehicle to Plaintiff but only after adding certain undisclosed charges to the "total purchase price." *Id*. ¶¶ 12–15. Plaintiff claims Defendant's actions violated the Consumer Leasing Act, 15 U.S.C. § 1667a.[1] *See Id*. ¶¶ 18–33.

Defendant moves to compel arbitration of Plaintiff's claims, alleging that the purchase agreement for the vehicle, called the Vehicle Buyer's Order, contains an arbitration provision. Dkt. 9 at 4–5; *see also id*., Ex. 1 (Vehicle Buyer's Order).

## II.  LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides a federal "policy favoring arbitration." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). But "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id*. at 418. (citation omitted).

The existence of a valid arbitration agreement is a threshold issue for ruling on a motion to compel arbitration. *Klay v. All Defendants*, 389 F.3d 1191,

---

[1] The Consumer Leasing Act, which amended the Truth in Lending Act, regulates certain leases of personal property involving consumers. *See Higginbotham v. Ford Motor Credit Co.*, 270 F. App'x 864, 866 (11th Cir. 2008) (considering the applicability of the Consumer Leasing Act to a closed-end consumer automobile lease).

1200 (11th Cir. 2004). If the Court finds that no agreement exists, it cannot compel the parties to settle their dispute in an arbitral forum. *Id.* When a party moves to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). Generally, this requires the district court to apply standard principles of state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 939 (1995); *see also P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Under Florida law, a party has a right to arbitrate where: (1) a valid, written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived. *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999).

### III. ANALYSIS

#### A.   Motion to Compel Arbitration

Defendant moves to compel arbitration of Plaintiff's claims. Dkt. 9 at 6–8. In her response, Plaintiff concedes that the Vehicle Buyer's Order contains an arbitration clause, that she is bound by that clause, and that her claims fall within its scope. Dkt. 14 at 3–4. Plaintiff therefore does not oppose staying this matter pending the outcome of the arbitration provision. *Id.*

Federal courts apply state-law to determine whether there is a valid agreement to arbitrate. *Kaplan*, 514 U.S. at 944. In Florida, an enforceable contract requires offer, acceptance, consideration, and sufficient specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). There is no dispute that these elements are present here with regard to the Vehicle Buyer's Order.[2]

There is also no dispute that the arbitration provision in the Vehicle Buyer's Order embraces Plaintiff's claims. That provision expressly includes claims based on violations of statutory requirements. Dkt. 9, Ex. 1 at 5 (arbitration provision requiring "[a]ny claim or dispute, whether in contract, tort, statute, or otherwise" that arises out of or relates to the vehicle's purchase

---

[2] The parties also entered into a Lease Order, which Defendant contends controls over the lease agreement. The Court need not consider the Lease Order, as the final agreement between the parties was the Vehicle Buyer's Order.

to be "resolved by neutral, binding arbitration, and not buy a Court action"). And so, like the parties, I conclude that Plaintiff agreed to arbitrate her claims.

Further, because there is no sign that Defendant waived its right to arbitrate, the request to compel arbitration is due to be granted.

### B. Motion for Attorney's Fees

In a single paragraph with no citation to legal authority, Defendant also moves for an award of fees and costs. Dkt. 9 at 9. Plaintiff opposes Defendant's request, claiming that (1) Defendant did not confer with Plaintiff in good faith before filing the motion and (2) the Consumer Leasing Act does not contain a fee-shifting provision. Dkt. 14 at 4–7.

Defendant is not entitled to fees because (1) it did not comply with the procedural requirements of the Local Rules and (2) the request is foreclosed by law. Procedurally, Defendant has not met its burden of establishing that an award of fees is authorized by law. Defendant offers no citation to legal authority—neither statute nor caselaw—supporting its request, which violates Local Rule 3.01(a)'s requirement for a legal memorandum supporting Defendant's request for relief. For this reason alone, the request should be denied.

If Defendant had complied with its obligations under the Local Rules, it would have learned that there is no legal basis for its request. A party asserting a claim under the Consumer Leasing Act may seek relief under the Truth in

Lending Act's damages provision, 15 U.S.C. § 1640. *See* 15 U.S.C. § 1667d(a); *see also Higginbotham*, 270 F. App'x at 866. In other words, the statute provides that a *plaintiff* may be awarded attorney's fees for successful claims enforcing the rights provided by statute. *See Lacy v. Gen. Fin. Corp.*, 651 F.2d 1026, 1029 (5th Cir. 1981).[3] Furthermore, while construing this fee-shifting statute, the former Fifth Circuit expressly foreclosed the relief sought by Defendant here, holding that the statute does "not provide attorney's fees for parties to any other claim or controversy." *Id*.

Defendant's request for an award of fees and costs should therefore be denied.

## IV.  RECOMMENDATIONS

Accordingly, I respectfully recommend the Court:

1.     **GRANT** the Motion (Dkt. 9) in part;

2.     **COMPEL** Plaintiff Patricia Eccleston to arbitrate her claims against Defendant Indicar Of Daytona, Inc.;

3.     **STAY** this matter pending the arbitration of Plaintiff's claims against Defendant;

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4.    **REQUIRE** the parties to file a joint notice informing the Court that the arbitration has been concluded, or that their dispute has otherwise been resolved, within ten days of either of event;

5.    **DENY** the Motion in all other respects; and

6.    **DIRECT** the Clerk to administratively close this matter.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on January 9, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 8 -

Copies to:

Counsel of Record