UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:23-cv-01717

PATRICIA A. ECCLESTON,
An Individual,

    Plaintiff,

v.

INDICAR OF DAYTONA, INC.,
d/b/a DAYTONA KIA,
A Florida corporation,

    Defendant.

_____/

**PLAINTIFF PATRICIA A. ECCLESTON'S
NOTICE OF FINAL RESOLUTION OF ARBITRATION PROCEEDINGS
AND AGREED MOTION TO CONFIRM ARBITRATION AWARD**

Plaintiff, PATRICIA A. ECCLESTON, ("Plaintiff") by and through undersigned counsel and in accordance with Local Rule 3.01, sections 9 and 13 of the Federal Arbitration Act ("FAA"), and this Court's order granting INDICAR OF DAYTONA, INC., d/b/a DAYTONA KIA, a foreign corporation's ("Defendant") motion to stay and compel arbitration (D.E. 9), hereby submits this, its Notice of Final Resolution of Arbitration Proceedings and Agreed Motion to Confirm Arbitration Award, and in support thereof, states as follows:

## BACKGROUND

Plaintiff initiated this action against Defendant on September 8, 2023 alleging violations of the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M"). (See DE 1.) On April 10, 2024, this Court stayed these proceedings and compelled arbitration of Plaintiff's claims pursuant to a binding arbitration agreement between the parties. (DE 15.) Plaintiff submitted his claims to the American Arbitration Association on October 31, 2023. The American Arbitration Association administratively appointed Christina Magee as the Arbitrator without objection on December 18, 2023. On or about May 21, 2024, the Arbitrator entered an order granting summary disposition in favor of Plaintiff (the "Award"). A true and correct copy of the parties' arbitration agreement is attached as Exhibit "A", the notice of appointment of Arbitrator as Exhibit "B", the Interim Award as Exhibit "C" and the Final Award as Exhibit "D," as required by section 13 of the FAA. 9 U.S.C. § 13.

Accordingly, Plaintiff hereby gives notice that the arbitration proceedings have been finally resolved, and moves this Court for an order confirming the Award and entering final judgment in Plaintiff's favor. The award provides for actual and statutory damages in the amount of $3,048.45, plus attorney's fees and costs of $24,600.00, with pre-judgment and post-judgment interest.

## LEGAL ARGUMENT

Plaintiff is entitled to a final judgment confirming the Award pursuant to section 9 of the FAA, which states in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Although the arbitration agreement is silent regarding agreement among the parties for purposes of confirming the award, this Court has general jurisdiction over the parties and entered an order referring Plaintiff's claims to arbitration in the first instance. (DE 15.) Moreover, the ensuing arbitration proceedings were conducted, and the Award was entered, in this this District. Accordingly, this Court has jurisdiction to confirm the Award and enter final judgment in Plaintiff's favor pursuant to section 9 of the FAA. 9 U.S.C. § 9; see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 120 S. Ct. 1331 (2002) (recognizing that "a court with the power to stay an action under § 3 [of the FAA] also has the power to confirm any ensuing arbitration award").

The Award is "presumptively correct" and has not been vacated, modified, or corrected. E.g., Lifecare Intern., Inc. v. CD Medical, Inc., 68 F.3d 429 (11th Cir.

1995) ("[T]he award is presumptively correct, and will be vacated only if there is no ground whatsoever for the Panel's decision.") (internal citations omitted). As a result, confirmation of the Award is mandatory. <u>V5 Investments, LLC v. GoWaiter Bus. Holdings, LLC</u>, 2010 F.Supp.3d 1329 (M.D. Fla. 2016) ("[C]onfirmation is mandatory unless the arbitration award is vacated, modified, or corrected, or unless the moving party fails to file its motion within the time required.")

### LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Plaintiff, through undersigned counsel, hereby certifies that the parties have conferred regarding the subject matter of this motion. Defendant does not oppose the requested relief.

**WHEREFORE**, Plaintiff, PATRICIA A. ECCLESTON, an individual, respectfully requests that this Court enter an order granting this motion, confirming the Award, entering final judgment in favor of Plaintiff, and granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

<u>/s/ Joshua Feygin</u>
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2024, I electronically filed the above document with the Clerk of Court. I also certify that the above document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who cannot receive electronically Notices of Filing.

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685

## SERVICE LIST

All counsel of record.