# EXHIBIT D

AMERICAN ARBITRATION ASSOCIATION

Case No.:  01-23-0004-9422

In the Matter of the Arbitration between:

PATRICIA A. ECCLESTON,

       Claimant,

vs.

INDICAR OF DAYTONA, INC.

       Respondent.

_____/

**FINAL AWARD**

      On May 21, 2024, this tribunal entered an interim award in favor of Claimant, providing her damages under the Consumer Leasing Act for the amounts she overpaid in converting her leased vehicle to an owned vehicle that were in violation of that statute.  As a part of the award, the Consumer Leasing Act ("CLA") provides that Claimant has a statutory entitlement to her attorneys' fees and costs.  This Final Award incorporates the damages amounts established in the interim award dated May 21, 2024 and addresses the fee and cost submissions from the parties.

      Claimant seeks fees for both the time spent by counsel litigating this matter in arbitration and the time counsel spent preparing the fee application, including the time spent attempting to negotiate an agreed-upon fee with Respondent.

      Both Florida courts and federal courts agree that a statutory fee-shifting provision affects a substantive right, and in this instance, the fee-shifting provision is contained in a federal consumer protection law and its enacting regulations.  Accordingly, federal law applies to the analysis of the fee application.  See BMW of NAM LLC v. Henry, 336 So.3d 1255 (Fla. App. 5th Dist. Ct. 2022).

      An attorneys' fee award begins with establishing a reasonable number of hours for the work performed, multiplied by a reasonable hourly rate.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  The attorney's customary fee, the skill required to perform the legal services, the

attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases are all factors that may be considered as part of the hourly rate. Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). Tribunals are expected to use their knowledge and experience concerning reasonable and proper fees when making fee determinations.  Norman v. Housing Auth.of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this proceeding, the parties represented that this matter was not complex and that the case law concerning the CLA violation was well-established.   The Arbitrator concurs. Respondent's skilled efforts to defend the matter employed a variety of defenses to distinguish this case but were ultimately unsuccessful on the liability question.

    A.   Reasonable hourly rate

The Affidavit provided by Claimant's expert, Robert W. Murphy, Esq., indicates counsel for the Claimant should be paid at the following hourly rates:  Attorney Newhart:  $450.00; Attorney Feygin:  $400.00 and Attorney Feller:  $250.00. Additional information submitted by Claimant's counsel demonstrates that in other litigated cases of this type, Attorney Newhart has been recognized by the United States District Court for the Southern District of Florida in 2018 at a fee of $300.00 and in 2021 at a rate of $400.00 in a Florida County Court;  Attorney Feygin seeks an increase in fee to $400.00 based on his extensive CV and Attorney Feller does not seek an increase in her hourly rate.

The United States Consumer Law Survey Report (2017-2018) provided by Claimant indicates that in Florida, the median attorney rate per hour for a lawyer with the number of years in practice equivalent to those of Mr. Newhart and Mr. Feygin are somewhat less than the rates proposed by them for this matter, ranging from $288 to $355 depending on years in practice and firm size.  Mr. Newhart refers the tribunal to a page number in Ex. A as support for his hourly rate, but that page cite was not available in Ex. A and accordingly, was not considered.

Respondent provides an expert affidavit to address the rate and hours appropriate for this matter, executed by Frank A. Hamner, Esq., who posits that the posture of the case, including repeated and increasing offers of settlement by Respondent, as well as Claimant's failure to provide a Release and Settlement Agreement after a deal was struck after the liability finding in this proceeding, demonstrates not only the unnecessary expenditure of hours but also that the requested fees are not reflective of the skill and experience of Claimant's counsel.

Having considered the submissions from each side, the Arbitrator establishes the following rates:

2

- Attorney Newhart:  $400.00;
- Attorney Feygin:  $375.00;
- Attorney Feller:  $225.00.

B. <u>Reasonableness of hours expended</u>

The Arbitrator agrees with Respondent that the overall hours expended by Claimant on this matter are excessive.

For example, this matter was brought to the AAA as a Consumer Case, which provides for an efficient means of resolution by the Arbitrator via a so-called "desk arbitration", although this process is not mandatory.  <u>See</u> Consumer Rule 29.  At the initial Case Management Conference for this matter, the Arbitrator raised the issue of whether the parties would proceed via Rule 29, given that both sides were in agreement that this matter presented a straightforward issue under the CLA.  Over Claimant's objection, the Arbitrator entered a Case Management Order that did not provide for dispositive motions or a Final Hearing; instead a documents-only process was established for the proceeding.   Subsequently, Claimant filed a Motion for Leave to file a Written Motion under Rule 24, an additional Case Management Conference occurred (attended by one of three of Claimant's counsel) and the ensuing Amended Case Management Order provided for the parties to file dispositive motions and a final evidentiary hearing in the event that these motions failed to conclude the proceeding.   The dispositive motions provided by the parties did allow the Arbitrator to find in favor of the Claimant on the lease-to-sale transaction and no final hearing was required.

The end result of the re-visited Case Management process yielded a process identical to what was contemplated originally via Rule 29 and thus, the additional time incurred must be considered excessive.   In addition, the Arbitrator agrees with the opinion of the expert witness for Respondent, Frank A. Hamner, finding that the total number of hours on this matter for Claimant's counsel (greater than 125) is far more than what Respondent counsel spent (approximately 43) and more than what was required for the proceeding.   An across-the-board one third reduction of the hours presented by Claimant is being imposed as a result, which also takes into account the issues raised on "fees for fees".

C. <u>Fees for fees</u>

Claimant is also including "fees for fees" in her overall request for attorneys' fees.   In general, litigating the entitlement to such fees is a permissible part of a fee award, whereas litigating the amount of such fees is not.  <u>See</u> <u>Nalasco v. Buckman, Buckman & Reid</u>, 171 So.2d 759, 763 (Fla. App. 4th Dist. Ct. 2015).

3

D.  <u>Expert witness fees</u>

Expert witness fees are also requested as part of the fee application submitted by the Claimant. Attorney Robert W. Murphy, Esq. supplied an affidavit in support of the hourly rates and the number of hours expended in this matter by Claimant's three counsel. Expert fees are not recoverable under federal law. <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1399 (11th Cir. 1996); <u>Crossman v. USAA Insurance Company</u>, Case No. 6:18-cv-1301-Orl-31GJK (M.D. Fla. Feb 07, 2020) at 12. As a result, the expert witness fees requested by Claimant will not be granted. Except for the AAA fee requested by Claimant, the other costs requested by Claimant will be awarded, as they consist of the District Court filing fee incurred when Claimant sought to address this alleged violation via the courts and Claimant's costs for service of process.

Accordingly, it is hereby AWARDED as follows:

A.  Claimant's counsel will be compensated at the following rates and for the indicated hours expended:
    a.  Darren Newhart:         6 hours x $400 hourly rate
    b.  Joshua Feygin :         37 hours x $375 hourly rate
    c.  Sarah Feller:           37 hours x $225 hourly rate
    d.  Total for hours x rates for Claimant's counsel is $24,600.

B.  Costs: the following costs are added to the Award:
    a.  The District Court filing fee: $402.00
    b.  Service of Process fee:        $125.00
    c.  Total:                         $527.00

    The total fee award is $24,600.00 added to $527.00 in costs, for a total award of fee and costs at $25,127.00.

C.  This Final Award includes the previously identified damages are awarded to Claimant in the total amount of $3048.45, consisting of $1557.56, representing 25% of the total amounts paid by Claimant pursuant to the lease, as well as $1490.89, representing the undisclosed amounts paid by Claimant in April 2023 when purchasing the previously leased vehicle.

D.  Payment by Respondent shall be remitted on or before 30 days from the date this Final Award is published to the parties by the American Arbitration Association.

E.  The administrative fees of the American Arbitration Association totaling $2,300.00 shall be borne as incurred, and the compensation of the arbitrator totaling $4,000.00 shall be borne as incurred.

F. This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

July 19, 2024
Date

_[signature]_
Christina Magee, Arbitrator

5